IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICAH S. SPATES, ) <br> ) <br> Defendant. ) | Case No. 10-30082 |

## OPINION

RICHARD MILLS, United States District Judge:

The Defendant moves for compassionate release or a sentence modification.

### I.   BACKGROUND

Under 18 U.S.C. § 3582(c)(1)(A), Defendant Micah S. Spates seeks compassionate release because of various health issues--including obesity.

Alternatively, Spates requests a sentence modification to reflect the guidelines that a similarly situated individual would face in 2021.

1

The Government claims the motion should be denied because the Bureau of Prisons (BOP) is doing an excellent job of caring for inmates during the pandemic. Moreover, the Defendant's record suggests he is a danger to society and to himself if he is released.

Spates is 48-years old. He is serving a 240-month imprisonment term at FCI Florence, following convictions for conspiracy to distribute 100 or more grams of a mixture and substance containing heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846 and possession with intent to distribute 100 or more grams of a substance containing heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. His projected release date is April 24, 2028.

Spates reports being 5'9", 280 pounds, which results in a Body Mass Index (BMI) of 41.3. A BMI of over 40 increases one's risk of severe illness from COVID-19. Obesity can make individuals more likely to get severely ill from COVID-19. www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed April 26, 2021).

Spates also has diabetes. The CDC states that having type 2 diabetes increases an individual's risk of severe illness from COVID-19. *See id.* In May 2020, Spates was determined to have a disorder of kidney and ureter, unspecified. Spates also reports suffering from an unknown form of blood cancer, though there do not appear to be any records consistent with such a diagnosis.

The Government notes that BOP medical records suggest that his health issues are being controlled.

## II. DISCUSSION

### (A)

Under the First Step Act, signed into law on December 21, 2018, defendants may now file motions for compassionate release after first exhausting administrative remedies within the BOP. *See* 18 U.S.C. § 3582(c)(1)(A). The law provides the sentencing judge with jurisdiction to consider a defense motion for reduction of sentence based on "extraordinary" or "compelling" reasons whenever "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse

of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]." *See* 18 U.S.C. § 3582(c)(1)(A). If properly invoked by the Government, the exhaustion requirement must be enforced. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

The record shows that Spates has met the statutory exhaustion requirement. Therefore, his motion is properly before the Court.

The First Step Act does not say what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the sentencing factors of 18 U.S.C. § 3553(a) when deciding compassionate release motions. *See* 18 U.S.C. § 3582(c)(1)(A).

Because the Sentencing Guideline policy statement has not been updated since passage of the First Step Act to reflect that defendants (and not only the BOP) may move for compassionate release, there is no "applicable" policy statement concerning the expanded compassionate-release provision. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th

Cir. 2020). "The statute itself sets the standard: only 'extraordinary and compelling reasons' justify the release of a prisoner who is outside the scope of § 3582(c)(1)(A)(ii)." *Id*. Until U.S.S.G. § 1B1.13 is amended, there is not an "applicable" policy statement for courts to rely on in considering prisoner-initiated applications for compassionate release. *See id*. at 1181.

Certainly, the COVID-19 pandemic in and of itself is an extraordinary and unprecedented event in our lifetimes. "The spread of the novel coronavirus, more specifically COVID-19, has presented extraordinary and unprecedented challenges for the nation and poses a serious issue for prisons." *United States v. Coles*, 2020 WL 1976296, *6 (C.D. Ill. Apr. 24, 2020). BOP reports that 234 inmates and four staff members have died from COVID-19, while 46,364 inmates and 6,720 staff who once tested positive have recovered. www.bop.gov/coronavirus (last visited May 3, 2021). However, "the mere existence of COVID-19 in society and possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v.*

*Raia*, 954 F.3d 594, 597 (3d Cir. 2020). "Perhaps a prisoner could satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *United States v. Melgarejo*, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020); *see also United States v. Johnson*, 2020 WL 2573239, at *4 (C.D. Ill. May 21, 2020).

The Court finds that Spates's obesity along with his other health problems during the COVID-19 pandemic qualifies as an extraordinary and compelling reason to consider compassionate release.

Florence FCI previously experienced major COVID-19 outbreaks, though the situation now appears to be under control. No inmates or staff members are currently positive for COVID-19. www.bop.gov/coronavirus (last accessed May 3, 2021). There are 744 inmates and 51 staff members who tested positive and have recovered. *See id.*

The BOP website reports 395 staff members and 779 inmates at Florence FCC have received both vaccine shots and are fully inoculated. *See id.*

Upon considering the applicable sentencing factors, the Court is unable to conclude that compassionate release is warranted. Spates has a lengthy criminal history which dates back to his teenage years. He has convictions for Manufacture/Delivery of Cocaine and Manufacture/Delivery of a Controlled Substance. Some of his other convictions include: Burglary and Theft; Unlawful Possession of Heroin with Intent to Deliver; Driving Under the Influence of Drugs and Alcohol; Criminal Trespass to Vehicle and Unlawful Possession of a Controlled Substance and Delivery of a Controlled Substance. Spates has served a number of prison terms in the custody of the Illinois Department of Corrections, including a 3-year term, three 4-year terms and one 6-year term. At sentencing, Spates qualified as a career offender and had 19 criminal history points.

While incarcerated, Spates has had multiple infractions which include: two citations for possessing drugs/alcohol, phone abuse,

possessing unauthorized item; introduction of drugs/alcohol, fighting with another person, refusing work assignment, refusing to obey an order and use of drugs/alcohol. Upon considering sentencing factors such as deterrence and protection of the public, the Court is unable to conclude that compassionate release is warranted. Spates's lengthy criminal history referenced above suggests that he remains a danger to the community and should not be granted compassionate release. This is particularly true given that the number of positive COVID-19 cases has diminished and vaccine availability has increased.

Accordingly, the Court will deny his motion for compassionate release.

(B)

The Defendant states the record shows he would no longer qualify for an enhancement under 21 U.S.C. § 851 under the law today. In Macon County Case Number 92-CF-811, Spates was convicted of Manufacture/Delivery of less than 15 grams of Cocaine. In Macon County Case Number 95-CF-684, Spates was convicted of Manufacture/Delivery of a Controlled Substance, 720 ILCS 570/402. In

Macon County Case Number 98-CF-712, Spates was convicted of Manufacture/Delivery of a Controlled Substance, 720 ILCS 570/401, less than 15 grams of a substance containing heroin. In Macon County Case Number 05-CF-1520, Spates was convicted of Possession of a Controlled Substance, 720 ILCS 570/402, less than 15 grams of a substance containing heroin.

In McLean County Case Number 06-CF-189, Spates was convicted of Manufacture/Delivery of a Controlled Substance, less than 15 grams of cocaine.

It appears that under current law, Spates would not have qualified for a § 851 enhancement. Each of the above convictions which were cited in the § 851 notice would have been rejected under *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020) and *Najera-Rodriguez v. Barr*, 926 F.3d 343 (7th Cir. 2019). The United States Court of Appeals for the Seventh Circuit held in *Najera-Rodriguez* that a conviction for unlawful possession of a controlled substance under Illinois law was not categorically a controlled substance offense. 926 F.3d at 355-56. In *Ruth*, the court noted that if a statute is divisible and "sets out one or more

elements of the offense in the alternative," the modified categorical approach can be employed and courts may "consult a limited class of documents" to determine which alternative element of the statute was the basis of the defendant's conviction. 966 F.3d at 648-49. The court noted that the Illinois cocaine statute is categorically overbroad and cannot be used as a "felony drug offense" to enhance a federal sentence under 21 U.S.C. § 851. *See id*. at 649-50. The cocaine statute is "clearly indivisible." *See id*. at 650. Thus, Illinois cocaine convictions are not predicate "felony drug offense(s)" that trigger 21 U.S.C. § 841(b)(1)(C)'s sentencing enhancement. *See id*. The court further determined that using an Illinois cocaine conviction to enhance the penalties under § 841(b) constituted plain error. *See id*. at 650-51.

In 2011, Spates's guideline range was calculated to be 262-327 months, based on his status as a career offender under U.S.S.G. § 4B1.1(b)(1) (the career offender guideline for convictions with a life maximum). Under current law, Spates's guideline range would be 188 to 235 months under U.S.S.G. § 4B1.1(b)(2) because his maximum potential penalty would be 40 years, not life imprisonment.

Although there is no technical change to the guidelines, the Court recognizes that the sentence Spates is serving is five months above the high end of what the guidelines would be today. Spates has been in custody since September 2010 and has served over 127 months of his sentence. His motion provides that he has actively sought rehabilitation classes while at BOP, including mathematics, resume writing, wellness, computer literacy, psychology, anger management and typing. He has also worked during his imprisonment term, in addition to taking drug education classes.

Because no record evidence suggests he warranted an above-guideline sentence, Spates claims his sentence should be modified and reduced to 188 months. The 188 to 235 month range reflect the Sentencing Commission's current assessment of his criminality and appropriate sentence.

If a defendant is eligible for a sentence reduction, "a district court may consider all relevant factors when determining whether an eligible defendant merits relief under the First Step Act." *See United States v. Hudson*, 967 F.3d 605, 611 (7th Cir. 2020). "These factors include

different statutory penalties, current Guidelines, post-sentencing conduct, and other relevant information about a defendant's history and characteristics." *Id.* at 612. While *Hudson* was decided in the First Step Act § 404(b) context, § 603(b) is also part of the First Step Act and allows for motions for sentence modification under 18 U.S.C. § 3582(c)(1)(A).

This Court has applied the *Ruth* changes to First Step Act motions to modify a sentence. Judge Mihm recently reconsidered a denial of a § 404(b) motion when his prior Order relied on a statutory maximum of 30 years under 21 U.S.C. § 841(b)(1)(C) that no longer applied after *Ruth*. *See United States v. Millbrook*, No. 06-40033, R. 181 (C.D. Ill. Dec. 10, 2020).

This Court previously applied *Ruth* to a First Step Act case in *United States v. Dent*, No. 97-cr-30048, R. 34 (C.D. Ill. Sept. 9, 2020) (Mills, J.), granting the defendant's motion and reducing his term of supervised release to the statutory minimum that applied without the § 851 enhancement.

In *United States v. Harris*, No. 99-cr-30083, R.123 (C.D. Ill. March 11, 2021) (Mills, J.), the Court again applied *Ruth* and granted the

12

defendant's motion to reduce sentence under the First Step Act, noting that without the § 851 enhancement, the defendant would now face a 240-month statutory maximum instead of the 360-month term that defendant received in 2000.

Based on those recent decisions and the particular circumstances of this case, the Court believes that a modification to 188 months is warranted. It is likely that an individual today who is similarly situated to Spates in all material respects would receive a sentence of no more than 188 months. Accordingly, such a sentence would avoid unwarranted sentence disparities with individuals being sentenced today.

The Court recognizes that distribution of heroin is a very serious offense. Spates also has a particularly lengthy criminal history, which is why the Court is denying his motion to the extent it seeks immediate release. However, a modification to 188 months still accounts for his career offender designation and reflects the seriousness of the offense. Moreover, if such a sentence were today imposed with the goal of affording adequate deterrence to criminal conduct and protecting the public from further crimes of the defendant, the Court concludes that the

same sentence is appropriate for Spates. A 188-month term is consistent with those statutory factors. The Court will modify his sentence accordingly.

Ergo, the amended motion of Defendant Micah Spates under 18 U.S.C. § 3582(c)(1)(A) [d/e 54] is DENIED to the extent that Defendant requests compassionate release and GRANTED, to the extent he seeks a modification to 188 months.

Defendant Micah Spates's imprisonment term is reduced from 240 months to 188 months in the custody of the Bureau of Prisons.

In all other respects, the previously entered Judgment shall remain in effect.

The Clerk will terminate the Defendant's pro se motion for compassionate release [d/e 49].

The Clerk will send a copy of this Opinion to the United States Probation Office.

ENTER: May 6, 2021

FOR THE COURT:

                                                      /s/ *Richard Mills*
                                                      Richard Mills
                                                      United States District Judge